**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SMWIA Local 88 Joint Apprenticeship and Training Committee, *et al.*, | Case No. 2:14-CV-01581-APG-VCF |
| Petitioners, | **ORDER** |
| v. | (Dkt. ##17, 18.) |
| JEREMY MUCKOW, | |
| Respondent. | |

On February 12, 2015, I entered a default judgment in favor of petitioners and against Jeremy Mucklow. (Dkt. #15.) Mucklow moves to set aside the judgment. (Dkt. ##17, 18.)

I may set aside a default judgment under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c). Pursuant to Rule 60(b), I may relieve a party from a final judgment for reasons of (1) "mistake, inadvertence, surprise, or excusable neglect," (2) newly discovered evidence, (3) fraud, (4) the judgment is void, (5) the judgment has been satisfied, or (6) "any other reason that justifies relief." "Rule 60(b) is remedial in nature and . . . must be liberally applied." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (quotation omitted). The inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993). Whether to grant relief under Rule 60(b)(1) lies within my discretion. *Lemoge v. United States*, 587 F.3d 1188, 1191-92 (9th Cir. 2009).

Mucklow does not identify any basis to grant relief from the judgment. His motion indicates he was aware of this action and of the petitioners' intent to pursue a default judgment, but he nevertheless did not respond to their motion for default judgment. (Dkt. #18 at 1-2.) He presents no newly discovered evidence. He does not argue there was fraud, the judgment is void, or the judgment has been satisfied. Rather, he admits he owes money and intends to repay it. (*Id.*

at 3.) However, Mucklow contends he has tried to work out a payment plan but petitioners have refused his offers and he cannot afford for petitioners to garnish his wages. (*Id.* at 2-3.) Mucklow's inability to pay a judgment does not provide a basis for me to relieve him from that judgment.

IT IS THEREFORE ORDERED that respondent Jeremy Mucklow's motion to set aside default judgment (Dkt. ##17, 18) is DENIED.

DATED this 7th day of May, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE